IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FIRST STATE INSURANCE
COMPANY and NEW ENGLAND
REINSURANCE CORPORATION                                             PLAINTIFFS


v.                              Case No. 1:17-cv-1039


PULMOSAN SAFETY EQUIPMENT
CORPORATION, *et al.*                                               DEFENDANTS/
                                                          THIRD-PARTY PLAINTIFFS


v.


LEXINGTON INSURANCE
COMPANY, *et al.*                                         THIRD-PARTY DEFENDANTS

## ORDER

Before the Court is Third-Party Plaintiffs Vickie Bell; Phillip Bell, Jr.; and Jonathan Bell's ("the Bells") Motion to Dismiss. (ECF No. 89). No party has filed a response and the time to do so has passed. The Court finds the matter ripe for consideration.

On December 11, 2018, the Court entered an order directing the parties to this matter to file briefs on or before December 28, 2018, discussing whether this case should be dismissed as moot in light of the Court's dismissal of a separate, related action.[1] On January 18, 2019, the Bells filed the instant motion, indicating that they no longer wish to pursue their third-party claims against Third Party Defendant Lexington Insurance Company ("Lexington"). Thus, the Bells ask that the Court dismiss their third-party claims against Lexington with prejudice, with each party

---

[1] *Bell v. Mine Safety Appliances Co.*, No. 1:13-cv-1075-SOH. Of relevance to this case, the Court in the *Bell* case vacated a default judgment obtained by the Bells against Pulmosan Safety Equipment Corporation and dismissed that case pursuant to Federal Rule of Civil Procedure 4(m).

bearing its own costs. Lexington did not respond directly to the instant motion, but the Court notes that Lexington filed a separate brief requesting dismissal of the Bells' third-party claims against it in light of the vacatur of the default judgment in the *Bell* case.

Although the Bells do not specify how they seek dismissal, the Court construes the instant motion as one made pursuant to Federal Rule of Civil Procedure 41, which governs the dismissal of actions. An action may be dismissed by court order at the plaintiff's request, on terms the court considers proper. Fed. R. Civ. P. 41(a)(2). "Voluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal." *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017).

Upon consideration, the Court finds that good cause for the motion has been shown. No party has argued that dismissal of the Bells' third-party claims against Lexington would be prejudicial or that the instant motion should otherwise be denied. In fact, Lexington has requested in a separate filing the same relief sought by the instant motion. Accordingly, the Bells' motion (ECF No. 89) is hereby **GRANTED**. The Bells' third-party claims against Lexington are hereby **DISMISSED WITH PREJUDICE**. The Bells and Lexington shall each bear their own costs.

**IT IS SO ORDERED**, this 5th day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge