IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FIRST STATE INSURANCE
COMPANY and NEW ENGLAND
REINSURANCE CORPORATION                                                    PLAINTIFFS


v.                                    Case No. 1:17-cv-1039


PULMOSAN SAFETY EQUIPMENT
CORPORATION, *et al.*                                               DEFENDANTS/
                                                           THIRD-PARTY PLAINTIFFS


v.


LEXINGTON INSURANCE
COMPANY, *et al.*                                           THIRD-PARTY DEFENDANTS

## ORDER

Before the Court is the issue of whether this case is moot and should be dismissed for lack of justiciability. Following the Court's directive to brief the issue, Third-Party Plaintiffs Vickie Bell; Jonathan Bell; and Phillip B. Bell, Jr. ("the Bells"); Third-Party Defendants Patricia Weiss, Ellen Weiss, and Judith Sue Weiss ("the Weisses"); Third-Party Defendant Lexington Insurance Company ("Lexington"); and Plaintiffs First State Insurance Company and New England Reinsurance Corporation separately filed briefs regarding justiciability. (ECF Nos. 90, 91, 92, 93). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On October 17, 2013, the Bells filed a separate products-liability suit in this Court[1] against multiple defendants, including Defendant Pulmosan Safety Equipment Corporation ("Pulmosan").

---

[1] *Bell v. Mine Safety Appliances Co.*, No. 1:13-cv-1075-SOH (hereinafter, the "*Bell* case").

On August 29, 2016, the Court entered default judgment in *Bell* in favor of the Bells and against Pulmosan in the amount of $1,327,569.00 ("the Default Judgment"). The Court denied Pulmosan's subsequent motion to vacate the Default Judgment on the ground that the Bells improperly served Pulmosan. Pulmosan then appealed that ruling to the United States Court of Appeals for the Eighth Circuit.

On June 5, 2017, Plaintiffs filed this declaratory-judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, seeking declarations that they have exhausted the applicable aggregate limits of certain insurance policies issued to Pulmosan and that they have no further defense or indemnity obligations under those insurance policies for certain products-liability lawsuits filed against Pulmosan, including *Bell*. The Bells answered Plaintiffs' complaint and filed various counterclaims, crossclaims, and third-party claims pursuant to the Declaratory Judgment Act, seeking declarations that Plaintiffs' insurance policies are not exhausted or, alternatively, that various third-party insurance companies improperly exhausted the limits of Plaintiffs' policies and thus should defend and indemnify said policies. On January 23, 2018, the Court stayed the case at bar pending the Eighth Circuit's resolution of the appeal taken in *Bell*.

On October 9, 2018, the Eighth Circuit issued its opinion and judgment in *Bell*, reversing the Court's order denying Pulmosan's motion to vacate the Default Judgment and remanding *Bell* to this Court for further proceedings. On November 16, 2018, the Court granted Pulmosan's motion to vacate in *Bell*, in accordance with the Eighth Circuit's instructions, and vacated the Default Judgment. On December 11, 2018, the Court in *Bell* dismissed the Bells' claims against Pulmosan without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and closed that case.

Also on December 11, 2018, the Court ordered the parties to this action to submit briefs

discussing whether this case is now moot and should be dismissed for lack of jurisdiction in light of the Court's vacatur of the Default Judgment and subsequent dismissal of *Bell*. On January 18, 2019, the Bells, the Weisses, Lexington, and Plaintiffs separately filed briefs regarding this issue. (ECF Nos. 90, 91, 92, 93). Plaintiffs maintain that a justiciable controversy still exists and, thus, this case should not be dismissed as moot. The other parties, to the extent that their briefs are responsive,[2] argue that this case is now moot and should be dismissed.

## II. DISCUSSION

Plaintiffs argue that, despite the vacatur of the Default Judgment and the dismissal of *Bell*, a justiciable controversy still exists in this matter and, thus, this case should not be dismissed as moot. The other parties assert that this case is now moot and should be dismissed.

"Federal courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution." *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994). "When a case . . . no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." *Id.*; *see also GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) (instructing that "[a]ny party or the court may, at any time, raise the issue of subject matter jurisdiction"). This requirement applies to all stages of the litigation, *Pena*, 42 F.3d at 1172, and "applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993); *see also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941) (holding

---

[2] The Weisses' brief states that they are unsure whether the Court would accept briefing from them on the present issue because they have been dismissed as parties to this case. Thus, the Weisses state that they will refrain from full briefing unless otherwise ordered by the Court and that they request an extension of time to file a fully responsive brief if the Court orders them to fully respond. The Court dismissed all claims against the Weisses on December 19, 2017, and the Court did not anticipate a brief from them addressing the issues raised in the December 11, 2018 order. Accordingly, no further action from the Weisses is necessary.

3

that, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, a district court is "without power to grant declaratory relief unless [an actual] controversy exists.").

"The test to determine whether there is an actual controversy within the meaning of the Declaratory Judgment Act is whether there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Marine Equip. Mgmt. Co.*, 4 F.3d at 646 (internal quotation marks omitted). "A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot." *Cass Cnty. v. United States*, 570 F.2d 737, 739 (8th Cir. 1978).

The determination of whether an actual controversy exists is made on a case-by-case basis. *Marine Equip. Mgmt. Co.*, 4 F.3d at 646. "The controversy must be live throughout the course of the litigation and must exist at the time of the district court's hearing of the matter and not simply when the case is filed." *Id.* Accordingly, federal jurisdiction is not created by a previously existing dispute but, rather, "[t]o present an actual controversy sufficient to justify the exercise of jurisdiction, the threat of enforcement must have some sort of immediate coercive consequences." *Id.* at 647.

"An Article III case or controversy may exist where a private party threatens an enforcement action that would cause an imminent injury." *McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1166 (8th Cir. 2017). In this case, the Bells do not appear to presently threaten any enforcement action that would cause Plaintiffs imminent injury. As previously discussed, a live controversy undoubtedly existed between the parties until the Court vacated the Default Judgment in *Bell* and dismissed that case. Plaintiffs sought a declaratory judgment that they exhausted the applicable aggregate limits of certain insurance policies issued to Pulmosan and that they have no

4

further defense or indemnity obligations under those policies for certain products-liability lawsuits filed against Pulmosan, including *Bell*. Likewise, the Bells contended that the policies were either not exhausted or were improperly exhausted, and sought a declaratory judgment holding one or more of the parties to this case liable for the amount of the Default Judgment. However, the Court subsequently vacated the Default Judgment in accordance with the Eighth Circuit's instruction and dismissed *Bell* based on the Bells' failure to timely serve Pulmosan in that case. The Bells have indicated that their claims in this case are now moot and that there is no longer any dispute between the parties. (ECF No. 90). Accordingly, the Court finds that the Bells' counterclaims, crossclaims, and third-party claims should be dismissed as moot, and the remaining question is whether Plaintiffs' claims are likewise moot.

The Default Judgment was the lynchpin of this case. Without it, Plaintiffs have no basis to seek a declaratory judgment relieving them from any defense or indemnity obligations for policies issued to Pulmosan in relation to *Bell*, as that case is no longer active and the Bells are no longer judgment creditors against Pulmosan. Moreover, the Default Judgment was the sole basis upon which Plaintiffs request that the Court relieve them of any products-liability defense or indemnity obligations for Pulmosan policies in other cases and parties that ostensibly were never placed before this Court. Without the Default Judgment, the Court sees no reason to relieve Plaintiffs from any defense or indemnity obligations in connection with *Bell*, as there are no such obligations now. Moreover, the Court certainly sees no reason to adjudicate Plaintiffs' obligations under Pulmosan's policies as to cases filed or judgments obtained in other jurisdictions, involving parties not subject to this Court's jurisdiction.

Plaintiffs appear to contend that, because the Bells have not explicitly stated that they have abandoned their claims against Pulmosan, it is an inevitability that they will refile their underlying

5

claims against Pulmosan in a future case, properly serve Pulmosan, and then obtain a second default judgment against it. Thus, Plaintiffs conclude that the Court should not dismiss this case as moot, but rather, the proper course of action would be to continue this case to its conclusion.

The Court disagrees. At this time, the Bells are no longer judgment creditors as to Pulmosan, the underlying *Bell* case is now closed, the Bells did not appeal the dismissal of their claims against Pulmosan in *Bell*, and their time to do so has passed. Plaintiffs argue, without citing to supporting authority, that the Bells' failure to explicitly state that they have abandoned their claims against Pulmosan should be interpreted as their intent to continue to pursue those claims against Pulmosan. Plaintiffs assume that at some point in the future, the Bells will refile their claims against Pulmosan in a separate case,[3] properly serve Pulmosan, and properly obtain a second default judgment against Pulmosan. If, and only if, those three events occur would the Bells again become a judgment creditor as to Pulmosan, whereby an adversarial controversy would presumably arise again between Plaintiffs, the Bells, and the other parties to this case.

The Court finds Plaintiffs' line of argument too abstract and hypothetical to constitute an actual controversy in the case at bar, and the Court declines to issue declaratory relief based on what the Bells may or may not do in some hypothetical future proceeding. *See McLeod*, 856 F.3d at 1166-67 (affirming the district court's refusal to grant declaratory relief based on a hypothetical set of facts). Despite Plaintiffs' contentions otherwise, there is no evidence that the Bells have expressly indicated their intent to further pursue their now-dismissed *Bell* claims against Pulmosan. To be sure, the Bells attempted to pursue their claims in *Bell* until the Court vacated the Default Judgment and dismissed that case. Following that, however, the Bells have made no

---

[3] The Court notes that in *Bell*, it dismissed the Bells' claims against Pulmosan without prejudice. However, no party briefing the instant issue has discussed whether the Bells' *Bell* claims against Pulmosan are now time-barred by the applicable statute of limitations, and the Court makes no determination of that issue in this order.

representation, to the Court's knowledge, that they intend to pursue any future action against Pulmosan. "[U]nasserted, unthreatened, and unknown claims do not present an immediate or real threat to [Plaintiffs] such that declaratory relief is proper." *See Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (finding no actual controversy and that the case was not ripe for adjudication where the plaintiff sought declaratory relief from the defendant's unasserted legal action). Thus, the Court finds that this case no longer features "a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Marine Equip. Mgmt. Co.*, 4 F.3d at 646. Because this case "no longer presents an actual, ongoing case or controversy, the case is moot and the [Court] no longer has jurisdiction to hear it." *Pena*, 42 F.3d at 1172.

### III. CONCLUSION

For the foregoing reasons, the Court finds that this case is moot and, thus, the Court lacks subject matter jurisdiction over it. Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 11th day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge